UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LUIS COTTO,

                        Plaintiff,          **COMPLAINT &**
                                              **JURY DEMAND**

    -against-
                                                14 CV 4580

THE CITY OF NEW YORK,
POLICE OFFICER WANDA GOWINS, SH# 02967
POLICE OFFICER MAYNARD, SH# 26031
POLICE OFFICER MICHELE A. HERBST, SH# 16694
JOHN AND JANE DOES #1-15,

                        Defendants.

### PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiff seeks relief for the violation of his rights secured by 42 USC § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

2. The claim arises from an incident on August 2, 2011, when Officers of the New York City Police Department ("NYPD"), acting under color of law, intentionally violated the constitutional rights of the plaintiff.

3. Plaintiff seeks monetary damages (special, compensatory and punitive) against defendants, as well as an award of costs and attorney's fees, and such other and further relief as the Court deems just and proper.

### JURISDICTION

4. This action is brought pursuant to 28 USC § 1331, 42 USC § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

1

5. Venue is laid within the United States District Court for the Eastern District of New York in that defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## PARTIES

6. Plaintiff Luis Cotto ("Mr. Cotto") is a citizen of the United States and at all times here relevant resided in Kings County, City and State of New York.

7. The City of New York is a municipal corporation organized under the laws of the State of New York.

8. All other individual defendants ("the Officers") are employees of the NYPD and are sued in their individual and official capacities.

9. The true names and capacities of John/Jane Does are presently unknown to the Plaintiff. Plaintiff believes, and based upon such belief alleges, that each of said John/Jane Does have responsibility for the damages suffered by the Plaintiff. Leave of court will be sought to amend this complaint to include the true names and capacities of the John/Jane Does, and any other responsible person or entity as soon as such information becomes known to the Plaintiff

10. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL ALLEGATIONS

11. On August 2, 2011, at approximately 12:55 P.M., at or near the location opposite of 75 Stanhope Street, in Brooklyn, New York, defendants initiated Police contact with Mr. Cotto.

12. At approximately the above time and place, defendants detained Mr. Cotto, without reasonable suspicion.

13. At approximately the above time and place, defendants searched Mr. Cotto's belongings, without reasonable suspicion.

14. At approximately the above time and place, Defendants arrested Mr. Cotto, without probable cause.

15. At approximately the above time and place, defendants seized Mr. Cotto and removed him to the 83rd Precinct Stationhouse against his will, again without probable cause.

16. Defendants detained Mr. Cotto at the 83rd Precinct Stationhouse for a period.

17. At the 83rd Precinct Stationhouse, defendants caused Mr. Cotto to disrobe ("strip") and submit to an anal cavity search.

18. Thereafter, the defendants continued detention of the plaintiff and caused the plaintiff to be moved to "Central Booking" and await appearance before the Kings County Criminal Court.

19. On or about August 3, 2011, Mr. Cotto was caused to appear before the Kings County Criminal Court and was arraigned under docket number 2011KN061854.

20. Mr. Cotto was charged with violating Penal Law section 220.03 (Criminal Possession of a Controlled Substance in the Seventh Degree)

21. On or about October 13, 2011, the said charge was dismissed and the action closed.

22. Prior to and including August 2, 2011, the City and its Police Department developed and maintained policies or customs that fostered deliberate indifference to the Fourth Amendment and other Constitutional rights of persons in New York City. Such policies enabled the violation of plaintiff's rights.

23. As a result of these policies and customs, the defendant officers believed that their actions would not be monitored properly by supervisory officers and that their misconduct would not be investigated or sanctioned, but would be tolerated.

24. On November 17, 2011, a sworn Notice of Claim stating, among other things, the time when and place where the injuries and damages were sustained, together with Plaintiff's demands for adjustment thereof was duly served on the claimant's behalf on the Comptroller of the City of New York.

25. Thereafter, said Comptroller for the City of New York refused or neglected for more than thirty (30) days and up to the commencement of this action to make any adjustment or payment thereof

## DAMAGES

26. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

   a. Violation of his rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of his person;

   b. Violation of his right to Due Process of Law under the Fourteenth Amendment to the United States Constitution;

   c. Physical pain and suffering;

   d. Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience and anxiety.

## FIRST CAUSE OF ACTION
(42 USC § 1983)

27. The above paragraphs are here incorporated by reference.

28. Defendants acted under color of law and conspired to deprive plaintiff of his civil, constitutional and statutory rights to be free from unreasonable search and seizure and to due process of law pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and are liable to plaintiff under 42 USC § 1983.

29. Plaintiff has been damaged as a proximate result of defendants' wrongful acts

## JURY DEMAND

30. Plaintiff demands a trial by jury.

## RELIEF DEMANDED

31. Plaintiff petitions this Court to:

    a) Award compensatory damages to plaintiff against the defendants, jointly, severally, in their individual and official capacities;

    b) Award costs of this action to the plaintiff;

    c) Award Attorney Fees to Plaintiff's Counsel pursuant to 42 U.S.C. 1988

    d) Award such other and further relief, as this Court may deem appropriate.

Dated: Brooklyn, New York
       July 28, 2014

                Respectfully submitted,


                STEVEN HUBERT, ESQ.
                *Attorney for Luis Cotto*
                26 Court Street, Suite 1013
                Brooklyn, New York 11242
                718-522-4646

## VERIFICATION

STATE OF NEW YORK   )
                    )ss:
COUNTY OF KINGS     )

    LUIS COTTO, being duly sworn, says that he is the plaintiff in the foregoing Complaint and that the foregoing Complaint is true to his own knowledge, except as to matters therein stated alleged to be on information and belief and as to those matters he believes them to be true.

                                        _____
                                        LUIS COTTO, Plaintiff

STATE OF NEW YORK   )
                    )ss.:
COUNTY OF KINGS     )

    On this 28th day of July 2014, before me personally came LUIS COTTO, to me known and known to me to be the individual described in and who executed the foregoing Verification and duly acknowledged to me that he executed the same.

_____
Notary Public

STEVEN L. HUBERT
NOTARY PUBLIC, State of New York
No. 02HU4991210
Qualified in Nassau County
Commission Expires January 27, 2016